UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-MARC EICHNER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>    Defendants. | Case No. 23-mc-80220-AGT<br><br>**ORDER RE: STIPULATION TO TRANSFER MOTION TO QUASH TO EASTERN DISTRICT OF TEXAS PURSUANT TO FRCP 45(f)**<br><br>Re: Dkt. No. 10 |

    Ocwen Loan Servicing, LLC and Ocwen Financial Corporation (collectively, "Ocwen") are defending a False Claims Act qui tam action filed by two relators represented by Samuel L. Boyd and Boyd & Associates (collectively, "Boyd") in the Eastern District of Texas, *United States ex rel. Eichner v. Ocwen Loan Servicing, LLC*, No. 4:19-cv-00524-ALM. As part of that case, Ocwen subpoenaed nonparty Fish & Richardson, P.C., Boyd's co-counsel in two earlier qui tam actions in the Eastern District of Texas that settled with Ocwen in 2017 (the "prior qui tam litigation"), to produce documents filed under seal in the prior qui tam litigation.

    On August 28, 2023, after Ocwen served its subpoena on Fish & Richardson, Boyd filed a motion to quash in this Court, the Court "for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A); *see also* Dkt. 1-1 at 6 (subpoena). Boyd also served Fish & Richardson with a copy of the pending motion to quash on August 28, 2023. *See* Dkt. 2 (proof of service). In the motion, Boyd asserts that certain documents sought by Ocwen's subpoena—namely, sealed pleadings filed by Boyd and Fish & Richardson in the prior qui tam litigation relating to their disputes regarding the amount and allocation of statutory attorneys' fees—are privileged. Dkt. 1. Ocwen disputes that those documents are privileged, and notes that Fish & Richardson has not joined Boyd in asserting privilege but "is withholding the documents subject to Boyd's objection

on privilege grounds." Dkt. 7 at 2.  To date, Fish & Richardson has not appeared in this matter.

On September 11, 2023, four days after Ocwen filed its opposition to Boyd's motion to quash, Ocwen and Boyd jointly filed a stipulation and proposed order to transfer Boyd's motion to the Eastern District of Texas, where the underlying subpoena was issued and where the *Eichner* case is pending.  Dkt. 10.  The stipulation asserts that transfer is appropriate under Rule 45(f) as "Boyd and Ocwen both agree that the subpoena and Boyd's objections to it are more appropriately addressed by Judge Mazzant in the Eastern District of Texas," who is presiding over the *Eichner* case and who presided over the prior qui tam litigation.  *Id.* at 2.

Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court *if the person subject to the subpoena consents* or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f) (emphasis added).  Here, the "person subject to the subpoena" is Fish & Richardson—not Boyd or Ocwen.  As noted, Fish & Richardson has not appeared in this matter, and there is no indication that it has consented to transfer to the Eastern District of Texas.  Indeed, it is not clear whether Fish & Richardson is even aware that Ocwen and Boyd are seeking transfer.

In light of the above, by September 22, 2023, Ocwen and Boyd must jointly: (1) serve Fish & Richardson with a copy of (i) the stipulation to transfer filed at Dkt. 10, (ii) this order, and (iii) a magistrate jurisdiction consent form; and (2) file a proof of service.  By October 6, 2023, Fish & Richardson must file (1) a statement indicating whether it consents to transfer to the Eastern District of Texas, and (2) a consent form indicating whether it consents to magistrate jurisdiction.

**IT IS SO ORDERED.**

Dated: September 15, 2023

_____
ALEX G. TSE
United States Magistrate Judge